IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 16, 2025 Session

## STATE OF TENNESSEE v. BALEKE KROMAH

**Appeal from the Circuit Court for Rutherford County**
**Nos. F-64329, 60311      Barry R. Tidwell, Judge**

———————————————————

### No. M2024-01793-CCA-R3-CD

———————————————————

A Rutherford County jury convicted the Petitioner, Baleke Kromah, of sexual battery by an authority figure. On direct appeal, this court affirmed the Petitioner's conviction. *See State v. Kromah*, No. M2011-01813-CCA-R3-CD, 2013 WL 781600, at *1 (Tenn. Crim. App. March 1, 2013), *perm. app. denied* (Tenn. July 17, 2013). In 2024, the Petitioner filed a petition for a writ of error *coram nobis*, which the *coram nobis* court dismissed as untimely. The Petitioner appealed, and after a thorough review of the record and the applicable law, we dismiss this appeal because the Petitioner failed to file a timely notice of appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and KYLE A. HIXSON, JJ., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Baleke Kromah.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Hugh T. Ammerman, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

A Rutherford County grand jury indicted the Petitioner for five counts of sexual battery by an authority figure, and, after a trial, a jury convicted the Petitioner of one count of sexual battery by an authority figure. On appeal, this court affirmed the conviction. *Kromah*, 2013 WL 781600, at *1. On February 1, 2024, the Petitioner filed a petition for a writ of error *coram nobis*. He included an affidavit from the victim, dated January 1, 2024, in which she recanted her trial testimony.

The *coram nobis* court held a hearing on the petition, and the State offered two exhibits. The first exhibit was an affidavit from the prosecutor who met with the victim and the Petitioner's attorney ("*coram nobis* counsel") on December 13, 2018. During the meeting, the victim told the prosecutor that her trial testimony was true but that she opposed the "ongoing obligations under the TN SOR [Tennessee Sexual Offender Registry]." The second exhibit was an August 4, 2017 deposition transcript. At the deposition, where the Petitioner was present, the victim recanted her trial testimony that her adoptive father, the Petitioner, had touched her inappropriately. She described a bad home life as the impetus for her lying. She explained that her false testimony was an attempt to get away from the situation.

At the hearing, *coram nobis* counsel acknowledged that "there is no issue as to whether or not [the petition is] outside the one year of discovery." *Coram nobis* counsel then stated, "I don't believe there is any tolling evidence." The State added that the petition was time-barred, and that the evidence offered did not constitute newly discovered evidence as it was discovered at least as of August 2017. Referring to *Clardy v. State*, 691 S.W.3d 390 (Tenn. 2024), *coram nobis* counsel stated, "to obtain tolling of the statute of limitations, [the Petitioner] must file the petition no more than one year after discovery of new evidence of actual innocence. And that has not occurred."

On August 19, 2024, the *coram nobis* court denied the petition, finding that the victim first recanted her testimony in 2017; thus, the petition was time-barred because more than one year had lapsed since the Petitioner became aware of the victim's recantation.

Several weeks later, on September 27, 2024, the Petitioner filed a *pro se* "petition" asserting the same claims from the prior petition for a writ of error *coram nobis*. To his *pro se* petition, he attached a sworn affidavit from the victim, dated August 31, 2016, recanting her trial testimony. At the hearing on the matter, the Petitioner explained that his conviction was for a Class C felony and the classification was a mistake that he wanted removed. The court explained to the Petitioner that it did not have the authority to remove the class of felony for the Petitioner's conviction. Upon further questioning, the court noted, as a possible avenue of relief for the Petitioner, that the prior denial of the *coram nobis* petition could be appealed, if "the time had [not] run on it."

The Petitioner, with the assistance of counsel, appealed the denial of the February 1, 2024 writ of error *coram nobis* petition on November 20, 2024, maintaining that he had provided newly discovered evidence based upon the victim's sworn statement that her trial testimony had been false.

## II. Analysis

On appeal, the Petitioner argues that the *coram nobis* court erred when it dismissed his February 1, 2024 petition for a writ of error *coram nobis* because newly discovered evidence entitles him to relief. The Petitioner submits that the victim's recantation is material and vital, requiring the waiving of the statute of limitations. The State first notes that the Petitioner's notice of appeal was untimely, and it further responds that the *coram nobis* court correctly dismissed the Petitioner's claim as untimely and that the stated grounds for relief do not constitute "newly discovered evidence."

We must first address the State's contention that the Petitioner has waived our review due to an untimely filed notice of appeal. Filing a notice of appeal within thirty days of the final judgment date initiates this appeal; however, this court has authority to waive "in the interest of justice" the untimely filing of a petitioner's notice of appeal. T.R.A.P. 4(a). The *coram nobis* court denied the petition on August 19, 2024, and the Petitioner filed his notice of appeal on November 20, 2024. The thirty-day period specified in Rule 4(a) of the Tennessee Rules of Appellate Procedure for filing a timely notice of appeal ended on September 18, 2024, making the Petitioner's November 20, 2024 notice of appeal untimely. *See* T.R.A.P. 4(a).

As stated above, this court has the authority to waive "in the interest of justice" the timely filing of the Petitioner's notice of appeal. *See* Tenn. R. App. P. 4(a). The Petitioner, despite receiving the State's appellate brief pointing out the late filing, has not sought waiver "in the interest of justice" of the timely filing requirement of the notice of appeal. *See* T.R.A.P. 4(a). The Petitioner fails to address the late filing or explain how waiving the timely filing of the notice of appeal serves the "interest of justice." Upon our review of the record, however, we do not conclude that a waiver of the late-filed notice of appeal in the interest of justice is required.

Even had the Petitioner timely filed his notice of appeal, the Petitioner's petition for a writ of error *coram nobis* is time-barred. Tennessee Code Annotated section 40-26-105 (2018) provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

It is well-established that the writ of error *coram nobis* "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). A petition for a writ of error *coram nobis* must be filed within one year of the judgment becoming final in the trial court. T.C.A. § 27-7-103. This statute of limitations "is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010); *see Mixon*, 983 S.W.2d at 670 ("[W]e reject the contention . . . that the statute does not begin to run until the conclusion of the appeal as of right proceedings."). In this case, the Petitioner has not asserted his claim within the time allowed by the statute of limitations, but he argues that newly discovered "uncontroverted" evidence of his innocence entitles him to a tolling of the statute of limitations. We respectfully disagree.

The one-year statute of limitations for a petition for writ of error *coram nobis* may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. *Harris*, 301 S.W.3d at 145. In determining whether the statute should be tolled, the court must balance a petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Id*. Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992).

The Petitioner has failed to produce newly discovered evidence for which the statute of limitations should be tolled. As the *coram nobis* court succinctly laid out in the order denying relief, the Petitioner's claims do not raise such evidence. We conclude that the pleadings do not present a legal basis for overcoming the State's assertion of the statute of limitations. The record reflects that the Petitioner knew of the "newly discovered evidence" at least by 2017, but he did not file his petition seeking *coram nobis* relief until 2024. The time within which the Petitioner filed his petition for writ of error *coram nobis* exceeds the reasonable opportunity afforded by due process. The Petitioner's delay in seeking *coram nobis* relief - over six years based upon the August 4, 2017 deposition transcript - is unreasonable under the circumstances of this case. As a matter of law and pursuant to the circumstances of this case, the Petitioner would not be entitled to due process tolling. Therefore, even had he timely filed his notice of appeal, his petition for writ of error *coram nobis* is barred by the statute of limitations.

### III. Conclusion

4

After a thorough review of the record and the applicable law, we dismiss the Petitioner's appeal for failing to file a timely notice of appeal.


_____s/ *Robert W. Wedemeyer*_____
ROBERT W. WEDEMEYER, PRESIDING JUDGE